## AGREEMENT FOR THE ASSIGNMENT
## AND PURCHASE OF PROMISSORY NOTES

This Agreement for the Assignment and Purchase of Promissory Notes ("Agreement") is entered into this 25th day of December, 2009, by and between Western Sky Financial, LLC, ("Western Sky Financial") and WS Financial, LLC, a subsidiary of CashCall, Inc. ("Company").

### WITNESSETH:

WHEREAS, Western Sky Financial is a South Dakota limited liability company incorporated under the laws of the State of South Dakota and the Cheyenne River Sioux Tribe, located on the tribal lands of the Cheyenne River Sioux Tribe; and

WHEREAS, WS Financial, LLC is in the business of lending money; and

WHEREAS, through its web site on the internet, Western Sky Financial has the potential to make loans; and

WHEREAS, Western Sky Financial desires to sell and assign to Company some of Western Sky Financial's loans; and

WHEREAS, Company desires to purchase some of the loans.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the parties hereto agree as follows:

1. **Promissory Notes.** Western Sky Financial lends money through an internet web site located at http://www.westernskyfinanical.com. The loans are memorialized by the borrowers electronically signing promissory notes in the form attached hereto as Exhibit "A" ("Notes").

2. **Assignment and Purchase of Notes.** Western Sky Financial agrees to assign the Notes on a daily basis to Company. Company hereby agrees to purchase from Western Sky Financial all loans made through www.westernskyfinancial.com as evidenced by the Notes.

3. **Purchase Price.** The purchase price to be paid by Company to Western Sky Financial for the Notes purchased shall be an amount of Five point Zero Two Percent (5.02%) per each approved and executed Note, payable upon assignment. Regardless of Notes purchased, minimum amount due and owing to Western Sky Financial from Company shall be as follows:



EXHIBIT B

WS00233

Case: 1:13-cv-06785 Document #: 1-2 Filed: 09/20/13 Page 2 of 7 PageID #:31

Case: 1:11-cv-09288 Document #: 89 Filed: 07/23/13 Page 40 of 54 PageID #:1713
Case: 12-2617   Document: 58-4   Filed: 07/23/2013   Pages: 7   (40 of 54)

a. Five point Zero Two Percent (5.02%) for the first month of this Agreement, payable upon the execution of this Agreement and each month thereafter until March 1, 2010;

b. One Hundred Thousand Dollars and No Cents ($100,000.00) payable March 1, 2010, and for each month of the Agreement thereafter.

Any purchased Credit Extensions/renewals shall be considered a new note and shall be purchased by Company in an amount of Five point Zero Two Percent (5.02%) of the face of each approved and executed Credit Extension/renewal, payable upon assignment.

All fees shall be settled weekly between the parties upon presentation of Weekly Settlement Statement, described more fully in Paragraph #9.

Both parties agree that Western Sky may, at its sole discretion, waive the monthly minimum payment due to events out of the control of Company.

4. **Criteria.** Company shall only be obligated to purchase Notes which have been approved and executed by Western Sky Financial.

5. **Fees.** Company shall pay to Western Sky Financial a minimum monthly administration fee in the amount of Ten Thousand Dollars and No Cents ($10,000.00), payable in advance no later than the day of execution of this Agreement and the first day of each month thereafter. In addition, Company shall be obligated to reimburse Western Sky Financial for any and all fees associated with such assignment and purchase, including but not limited to any additional office or personnel costs to Western Sky Financial, ACH, wiring or other bank fees, if any, upon presentation of invoice. In addition, Company shall be obligated to comply with all Western Sky Financial requests for audits and quarterly on-site inspections necessary for due diligence, which may be requested by Western Sky Financial from time to time, including third party audits, at Company expense, including but not limited to reasonable travel expenses.

6. **Electronic Files.** Within twenty-four (24) hours from the time that Company purchases the Notes, Western Sky Financial will transmit to Company electronic files on each of the Notes containing the signed promissory notes and all other loan documents.

Company also agrees to reimburse Western Sky Financial for all costs of all maintenance, repair and/or update costs associated with Western Sky Financial's server.

WS00234

Case: 1:13-cv-06785 Document #: 1-2 Filed: 09/20/13 Page 3 of 7 PageID #:32

Case: 1:11-cv-09288 Document #: 89 Filed: 07/23/13 Page 41 of 54 PageID #:1714
Case: 12-2617   Document: 58-4   Filed: 07/23/2013   Pages: 7   (41 of 54)

7. **Representations By Western Sky Financial.** Western Sky Financial hereby covenants, represents and warrants:

(a) That each borrower will meet the criteria as set by Western Sky Financial from time to time, as shown more fully in the Criteria Appendix provided by Western Sky Financial;

(b) That each Note has been fully executed (electronically) by the borrower and that such Notes are valid, legally binding obligations of the makers of the Notes, pursuant to the laws of the Cheyenne River Sioux Tribe;

(c) That no payments have been received on any of the Notes and the balances due on each of the Notes are the same as the face amounts of the Notes;

(d) That the making and performance of this Agreement by Western Sky Financial and the consummation of the transactions as herein provided have been duly authorized by all requisite corporate action, and that this Agreement and the subsequent assignments of Notes pursuant hereto, (i) will constitute the valid and binding obligations of Western Sky Financial, enforceable in accordance with their respective terms, (ii) will not violate any provision of law or regulation or any order or decree of the Cheyenne River Sioux Tribe and its respective courts, (iii) will not violate any provision of the Articles of Organization or Operating Agreement of Western Sky Financial or any other undertaking to which Western Sky Financial is a party or by which Western Sky Financial or any of its assets are bound or affected.

8. **Reserve Account.** Company shall open a demand deposit account in the name of Western Sky Financial at mutually agreed upon financial institution and shall carry a balance in an amount equal to the full value of two (2) days purchased notes calculated on the previous month's daily average, with an initial balance deposited by Company upon execution of this Assignment in the amount of One Hundred Thousand Dollars and no Cents ($ 100,000.00 ). Thereafter, such Reserve Account balance shall be maintained at a two day average Assignment basis. Should any other bank utilized by Western Sky Financial require a longer time frame than two (2) days purchased notes value, Company agrees to supplement such Reserve Account to comply with such bank policy.

Such Account shall be debited by Western Sky Financial at end of business day for payment of purchased notes assigned to Company and to fund any unpurchased or unfunded Notes which were executed by makers prior to or unfunded prior to the termination of this Agreement. Such Account fund balance shall be reviewed and adjusted on a weekly basis, as per agreement of the parties.

3

WS00235

Case: 1:13-cv-06785 Document #: 1-2 Filed: 09/20/13 Page 4 of 7 PageID #:33

Case: 1:11-cv-09288 Document #: 89 Filed: 07/23/13 Page 42 of 54 PageID #:1715
Case: 12-2617    Document: 58-4    Filed: 07/23/2013    Pages: 7    (42 of 54)

9. <u>Settlement</u>. Western Sky Financial will submit each Friday to Company a Weekly Settlement Statement for that week setting forth:

(a) Names of the makers of the promissory notes;

(b) Principal amount of each promissory note;

(c) Summary of all the information available with respect to the makers and the promissory notes.

Upon presentation of Weekly Settlement Statement, Company agrees to pay any remaining balance due and owing for the purchase of such assigned notes no later than the following Monday of such week.

10. <u>Collections</u>. Company will assume all rights of Western Sky Financial and perform and be responsible for all collection efforts associated with all of the assigned notes from the time of the assignment. Company will follow all requirements of the Fair Debt Collection Practices Act when performing collection procedures.

11. <u>Indemnification</u>. Company agrees to fully indemnify Western Sky Financial for all costs arising or resulting from any and all civil, criminal or administrative claims or actions, including but not limited to fines, costs, assessments and/or penalties, which may arise in any jurisdiction. Such indemnification shall include all reasonable attorneys fees and legal costs associated with a defense of such claim or action.

12. <u>Securities Act</u>. Western Sky Financial represents and warrants that it has not, either directly or through an agent, offered any of the Notes for sale to, or solicited any offers to purchase any of the Notes from, or otherwise approached or negotiated in respect thereof with, any person or persons other than Company. Western Sky Financial agrees that it will not, either directly or through an agent, sell or offer any of the Notes or solicit any offers to purchase any of the Notes, or otherwise approach or negotiate in respect thereof with, any person or business entity other than Company.

13. <u>Representation by Company</u>. Company represents that it is acquiring the Notes for its own account, for the purpose of investment, and not with a view to the distribution or sale of any thereof.

4

WS00236

Case: 1:13-cv-06785 Document #: 1-2 Filed: 09/20/13 Page 5 of 7 PageID #:34

Case: 1:11-cv-09288 Document #: 89 Filed: 07/23/13 Page 43 of 54 PageID #:1716
Case: 12-2617    Document: 58-4    Filed: 07/23/2013    Pages: 7    (43 of 54)

14. <u>Conditions</u>. Companies obligation to purchase and pay for the Notes is subject to the accuracy and correctness of Western Sky Financial's representations and warranties contained in this Agreement.

15. <u>Term</u>. Either party may terminate this Agreement with or without cause upon ninety (90) days' written notice, specifying the specific date and time of such termination.

16. <u>Notices</u>. All notices pursuant to this Agreement shall be delivered, or mailed by registered mail, postage pre-paid, addressed to the following:

| | |
|---|---|
| WS Financial, LLC | Western Sky Financial, LLC |
| Attention: J. Paul Reddam | Attention: Butch Webb |
| 1600 S. Douglass Road | PO Box 370 |
| Anaheim, CA 92806 | Timber Lake, SD 57656 |

17. <u>Law Governing</u>. This Agreement shall be construed in accordance with and governed solely by the laws and jurisdiction of the Cheyenne River Sioux Tribe, and by executing this Agreement, all parties consent to the sole jurisdiction of the courts of the Cheyenne River Sioux Tribe exclusively.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date and year first above written.

| | |
|---|---|
| WS Financial, LLC | Western Sky Financial, LLC |
| By: _____ | By: _____ |
| J. Paul Reddam, President | Butch Webb, Manager |

5

WS00237

## PROMISSORY NOTE

This Promissory Note ("Note") is entered into this 28th day of December, 2009, by and between Western Sky Financial, LLC, ("Western Sky") and WS Financial, LLC, a subsidiary of CashCall, Inc. ("Company").

### WITNESSETH:

WHEREAS, Western Sky is a South Dakota limited liability company incorporated under the laws of the State of South Dakota and the Cheyenne River Sioux Tribe, located on the tribal lands of the Cheyenne River Sioux Tribe; and

WHEREAS, Western Sky is in the business of lending money; and

WHEREAS, through its web site on the internet, Western Sky has the potential to make loans which exceed Western Sky's available capital and resources; and

WHEREAS, Western Sky desires to borrow sufficient capital to operate its business; and

WHEREAS, Company desires to loan Western Sky such capital at a mutually agreed interest rate.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the parties hereto agree as follows:

For value received, Western Sky promises to pay to Company, or its order, at the address listed below, the PRINCIPAL sum of not more than **Five Hundred Thousand Dollars and No Cents ($ 500,000.00)** as a line of credit, in the form of mutual advances. The principal sum shown above is the maximum amount of principal Western Sky may borrow under this Note.

**Open End Credit:** The parties agree that Western Sky may borrow up to the maximum amount of principal more than one time.

**Interest:** Western Sky agrees to pay interest on the outstanding principal balance from the date of first advance at the rate of Six Percent (6%), based on a 365 day year basis.

**Payments:** Western Sky agrees to pay this Note as follows on a monthly basis, or at any time prior to such monthly anniversary date, as Western Sky may decide.

WS00238

Case: 1:13-cv-06785 Document #: 1-2 Filed: 09/20/13 Page 7 of 7 PageID #:36

Case: 1:11-cv-09288 Document #: 89 Filed: 07/23/13 Page 45 of 54 PageID #:1718
Case: 12-2617    Document: 58-4    Filed: 07/23/2013    Pages: 7    (45 of 54)

<u>Notices</u>. All notices pursuant to this Note shall be delivered, or mailed by registered mail, postage pre-paid, addressed to the following:

| | |
|---|---|
| WS Financial, LLC | Western Sky Financial, LLC |
| Attention: J. Paul Reddam | Attention: Butch Webb |
| 1600 S. Douglass Road | PO Box 370 |
| Anaheim, CA 92806 | Timber Lake, SD 57656 |

<u>Law Governing</u>. This Note shall be construed in accordance with and governed solely by the laws and jurisdiction of the Cheyenne River Sioux Tribe, and by executing this Note, all parties consent to the sole subject matter and personal jurisdiction of the courts of the Cheyenne River Sioux Tribe exclusively.

IN WITNESS WHEREOF, the parties have executed this Note on the date and year first above written.

WS Financial, LLC                           Western Sky Financial, LLC

By: _____               By: _____
    J. Paul Reddam, President                   Butch Webb, Manager

WS00239