STATE OF KANSAS
BEFORE THE OFFICE OF THE STATE BANK COMMISSIONER
CONSUMER AND MORTGAGE LENDING DIVISION
TOPEKA, KANSAS

IN THE MATTER OF:

Western Sky Financial, L.L.C.,
at: 612 E. Street
Timber Lake, South Dakota 57656-0370
mailing address: P.O. Box 370
Timber Lake, South Dakota 57656-0370

and

Martin A. Webb, in his capacity as Executive Officer/
Manager/Owner/Member of Western Sky Financial,
L.L.C., and all other Owners, Partners, Directors,
Officers and Shareholders of Western Sky Financial,
L.L.C.,

Case Number: 2011-312

Respondents.

**SUMMARY ORDER TO CEASE and DESIST, PAY CIVIL PENALTY (FINE), TO BAR FROM FUTURE APPLICATION FOR LICENSURE, TO PROVIDE A REPORT OF ALL SUPERVISED LOANS, TO PAY RESTITUTION FOR VIOLATIONS, and TO TAKE AFFIRMATIVE CORRECTIVE ACTION**
(In Accordance with K.S.A. 16a-6-108, and K.S.A. 77-537)

Pursuant to Kansas Uniform Consumer Credit Code (at K.S.A. 16a-1-101 through K.S.A. 16a-9-102, as amended (hereinafter the "Code")), and Kansas Administrative Procedure Act (at K.S.A. 77-501 et seq., as amended (hereinafter "KAPA")), Kevin C. Glendening, Administrator of the Kansas Uniform Consumer Credit Code and the Deputy Commissioner of the Consumer Mortgage and Lending Division (hereinafter "Administrator"), hereby makes the following findings of fact, conclusions of law, and orders against Western Sky Financial, L.L.C., and Martin A. Webb, in his capacity as Executive Officer/Manager/Owner/Member of Western Sky Financial, L.L.C., and all other Owners, Directors, Partners, Officers and Shareholders of Western Sky Financial, L.L.C. (hereinafter "Respondents"):

**Findings of Fact:**

1. Since February 9, 2010, the Respondents have engaged in the business of making, and/or undertaking direct or indirect collection of payments from supervised loans, as defined by K.S.A. 16a-1-301(46), with Kansas consumers on the internet in Kansas, without first having obtained a license from the Administrator. Respondents have engaged in such business by direct internet and television solicitation to Kansas consumers in Kansas, resulting in at least one thousand thirty-eight (1,038) violations each of K.S.A. 16a-2-301 and K.S.A. 16a-2-310(m).

2. Since February 9, 2010, Respondents have engaged in the business of making, and/or undertaking direct or indirect collection of payments from supervised loans, as defined by K.S.A. 16a-1-301(46), with Kansas consumers without filing or maintaining an adequate surety bond with the Administrator, resulting

in at least one (1) violation each of K.S.A. 16a-2-302(2), and K.A.R. 75-6-31 and K.S.A. 16a-2-310(m).

3. Since February 9, 2010, Respondents have engaged in the business of making, and/or undertaking direct or indirect collection of payments from supervised loans, as defined by K.S.A. 16a-1-301(46), with Kansas consumers and failed to pay the Administrator the annual supervised lender license fee as required, resulting in at least two (2) violations each of K.S.A. 16a-2-302(1)(b) and K.S.A. 16a-2-310(m).

4. Since March 12, 2010, Respondents have failed to file notification with the Administrator within 30 days after commencing business in Kansas as required, resulting in at least three (3) violations each of K.S.A. 16a-6-202 and K.A.R. 75-6-32 and K.S.A. 16a-2-310(m).

5. Since April 30, 2010, Respondents have failed to pay the Administrator the annual fee as required, resulting in at least three (3) violations each of K.S.A. 16a-6-203 and K.S.A. 16a-2-310(m).

6. Since August 29, 2011, Respondents have not complied with the Administrator's inquiries issued July 20, 2011, and August 12, 2011, to produce documents and information concerning the Respondents' supervised loan activity with Kansas consumers, resulting in at least two (2) violations of K.S.A. 16a-6-106.

7. Since February 9, 2010, Respondents have engaged in the business of making, and/or undertaking direct or indirect collection of payments from supervised loans, as defined by K.S.A. 16a-1-301(46), and have failed to give the Kansas "Notice to Consumer" on any written loan agreement, resulting in at least one thousand thirty-eight (1,038) violations each of K.S.A. 16a-3-202 and K.S.A. 16a-2-310(m).

8. Since February 9, 2010, Respondents have charged or attempted direct or indirect collection of payments from at least one thousand thirty-eight (1,038) Kansas consumes for a supervised loan finance fee in excess of the maximum amount permitted under Kansas law, resulting in at least one thousand thirty-eight (1,038) violations each of K.S.A. 16a-2-401(2) and K.S.A. 16a-2-310(m).

9. Since February 9, 2010, Respondents have charged or attempted direct or indirect collection of payments from at least one thousand thirty-eight (1,038) Kansas consumes for supervised loan late fees in excess of the maximum amount permitted under Kansas law, resulting in at least one thousand thirty-eight (1,038) violations each of K.S.A. 16a-2-502 and K.S.A. 16a-2-310(m).

10. Since February 9, 2010, Respondents have engaged in the business of making, and/or undertaking direct or indirect collection of payments from supervised loans, as defined by K.S.A. 16a-1-301(46), with Kansas consumers while using an unconscionable arbitration clause in their written loan agreements which is not compliant with the Kansas Uniform Arbitration Act at K.S.A. 5-401 et seq., resulting in at least one thousand thirty-eight (1,038) violations each of K.S.A. 16a-5-108 and K.S.A. 16a-6-111 and K.S.A. 16a-2-310(m).

11. Since February 9, 2010, Respondents have charged or attempted direct or indirect collection of payments from at least one thousand twenty-seven (1,027) Kansas consumes for a supervised loan prepaid finance charge in excess of the maximum amount permitted under Kansas law, resulting in at least one thousand twenty-seven (1,027) violations each of K.S.A. 16a-2-401(6) and K.S.A. 16a-2-310(m).

### Conclusions of Law:

1. In aggregate, the violations of the Code, cited above in the Findings of Facts 1. through 11., warrant the Administrator's belief that the Respondents would not operate a supervised loan business honestly and fairly within the purpose of the Code, justifying the Administrator's bar of the Respondents from future application for licensure as a supervised lender, ordering the Respondents to cease and desist their supervised lending activity with Kansas consumers in Kansas, ordering the Respondents to provide a report of their supervised loan activity with Kansas consumers, ordering the Respondents to pay

restitution, ordering the Respondents to take affirmative corrective action, and fining the Respondents for past violations of the Code, pursuant to K.S.A. 16a-6-108.

IT IS THEREFORE ORDERED, pursuant to K.S.A. 16a-6-108, that:

1. Respondents shall immediately cease and desist engaging in the business of making, and/or undertaking direct or indirect collection of payments from supervised loans, as defined by K.S.A. 16a-1-301(46), with Kansas consumers in Kansas, and with Kansas consumers over the Internet in Kansas. All signage for supervised loans/advances to Kansas consumers must be removed and any advertisements, including internet and television solicitations, must be withdrawn from circulation.

2. Respondents shall immediately pay a civil penalty (fine) in the amount of one million five-hundred fifty-seven thousand dollars ($1,557,000.00) made payable to the Kansas Office of the State Bank Commissioner.

3. Respondents shall provide the Administrator, within ten (10) days of the effective date of this order, with a written report of all supervised loans made by Respondents with Kansas residents, or supervised loans Respondents have taken assignment of for direct or indirect collection of payments from Kansas consumers. Such report shall include the loan date, loan amount, finance charge and any other fees or charges collected in connection with the loan. In addition, the report shall include the borrower's name, address and telephone number. A copy of the loan contract shall also be provided for each loan listed on the report.

4. Respondents shall be barred from future application for licensure as a supervised lender pursuant to the Code.

5. Respondents shall take affirmative corrective action and conduct a self-audit for all of the Respondents' opened and closed supervised loans, and pay restitution by making the necessary restitution payments on all opened and closed supervised loans to the corresponding Kansas consumers within ten (10) days of the effective date of this order, for all payments, profits and/or interest fees received as the result of engaging in the business of making, and/or undertaking direct or indirect collection of payments from supervised loans, as defined by K.S.A. 16a-1-301(46). The restitution payments shall at least be to the one thousand thirty-eight (1,038) Kanas consumers known to the Administrator and at least total one million five-hundred twenty-three thousand sixty-one dollars and seventy-four cents ($1,523,061.74).

6. Respondents shall take affirmative corrective action and make the self-audit restitution checks, payable to said Kansas consumers and send such to the Administrator within ten (10) days of the effective date of this order, in unsealed envelopes, postage prepaid, and pre-addressed to the individual consumers. The Administrator's address shall be listed on the envelopes as the return address. The restitution checks and envelopes shall be accompanied by a letter to the individual consumers approved by the Administrator. The letter shall state "this restitution payment is the result of an administrative order from the Kansas Office of the State Bank Commissioner, and any questions concerning this refund should be directed to Danny J. Vopat, Staff Attorney, at the Office of the State Bank Commissioner, at 700 S.W. Jackson, Suite 300, Topeka, Kansas 66603-3796 or by phone (toll free) at 1-877-387-8523 or 785-296-2266, ext. 215" and "the enclosed check must be deposited within 90 days from the date of the check or it is invalid."

7. Respondents shall provide the Administrator with a written report within ten (10) days of the effective date of this order, of the self-audit results from Order paragraph 5., above, itemizing all loans reviewed by the Kansas consumer's name, whether a refund was made, and the amount of the refund on the reviewed loans.

8. Respondents shall provide the Administrator within hundred (100) days of the effective date of this order, with a written report setting forth the Kansas consumers who deposited the required refund checks and a copy of the cancelled checks for such Kansas consumers. Any required refund check that a Kansas consumer has not cashed prior to the date of such report shall be presumed "abandoned" property, as defined by K.S.A. 58-3935, irrespective of the statutory holding period. In order to avoid the expense of stopping payment on all un-cashed refund checks, the Respondents may open an account dedicated to the consumer refunds and within hundred (100) days of the effective date of this order, the Respondents shall close the account and forward the balance of the abandoned property to the Administrator in a check made payable to the Kansas State Treasurer in accordance with the Disposition of Unclaimed Property Act, K.S.A. 58-3934 et seq, and specifically according to the procedure set out in K.S.A. 58-3960(b). Such property shall be accompanied by a report, prepared in accordance with K.S.A. 58-3950, on forms provided by the State Treasurer.

BY THE ADMINISTRATOR IT IS SO ORDERED.

Date: May 22, 2012.

Kevin C. Glendening
Deputy Commissioner (Administrator)
Officer of the State Bank Commissioner
700 SW Jackson, Suite 300
Topeka, Kansas 66603-3714
(785) 296-2266; FAX (785) 296-0168

## NOTICE AND RIGHT TO HEARING

PLEASE TAKE NOTICE that this is a Summary Order pursuant to K.S.A. 77-537. Respondents have the right to request a hearing pursuant to K.S.A. 77-542. A party to an agency proceeding may request a hearing on the Summary Order by filing a request with this agency by mail, fax, or hand delivery at:

Office of the State Bank Commissioner
700 S.W. Jackson, Suite 300
Topeka, KS 66603-3796
FAX (785) 296-0168

A request for hearing must be received within 15 days, plus 3 days mailing time if mailed, from the date on the Certificate of Service. See K.S.A. 77-531; K.S.A. 60-206(d).

If a hearing is not requested, this order shall become effective as a Final Order, without further notice. Failure to timely request a hearing may preclude further judicial review. Once this Order becomes effective it shall remain in effect indefinitely or until such time as the agency head modifies or terminates the Order.

4

Pursuant to K.S.A. 77-613(e), the State Bank Commissioner is the agency officer designated to receive service of a petition for judicial review on behalf of the agency. If you have questions concerning this notice please consult an attorney.

### CERTIFICATE OF SERVICE

I, Erica Sextro, hereby certify that I personally caused a true and correct copy of this Summary Order To Cease and Desist, Pay Civil Penalty (Fine), To Bar From Future Application For Licensure, To Provide A Report Of All Supervised Loans, To Pay Restitution For Violations, and To Take Affirmative Corrective Action, to be placed in first class mail, postage prepaid, on this 22nd day of May, 2012, addressed at the last known address to the following:

Western Sky Financial, L.L.C.
612 E. Street
P.O. Box 370
Timber Lake, South Dakota 57656-0370
Respondents

Martin A. Webb, Register Agent for
Western Sky Financial, L.L.C.
612 E. Street
Timber Lake, South Dakota 57656-0370
Respondents

Cheryl F. Laurenz-Bogue
Bogue & Bogue, LLP Law Officers
Ziebach County Courthouse
200 Main Street
P.O. Box 400
Dupree, South Dakota 57623-0400
Out-of-State Counsel for Respondents

Erica Sextro, Legal Assistant
Office of the State Bank Commissioner
700 S.W. Jackson, Suite 300
Topeka, Kansas 66603
(785) 296-2266 Fax: (785) 296-0168