RECEIVED

FEB 01 2013

Enforcement Unit
Division of Consumer Services
Dept. of Financial Institutions

STATE OF WASHINGTON
OFFICE OF ADMINISTRATIVE HEARINGS
FOR THE DEPARTMENT OF FINANCIAL INSTITUTIONS

| IN THE MATTER OF DETERMINING Whether there has been a violation of the Consumer Loan Act of Washington by:<br><br>CASH CALL, INC.,<br><br>Respondent. | OAH Docket No. 2011-DFI-0041<br>DFI No. C-11-0701-12-SC03<br><br>ORDER GRANTING DEPARTMENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
|---|---|

## I. ISSUES PRESENTED

1.1 Whether CashCall, Inc. violated the Washington Usury Act by transacting loan contracts with interest rates in excess of 12%.

1.2 Whether CashCall, Inc. violated the Washington Consumer Loan Act by transacting loan contracts with interest rates in excess of 25%.

1.3 Whether CashCall, Inc.'s transactions are unfair acts or practices that harm Washington consumers such that an order revoking CashCall, Inc.'s license under the Washington Consumer Loan Act and directing CashCall, Inc. to immediately cease and desist collecting usurious interest is appropriate.

1.4 Whether the orders suspending and revoking CashCall, Inc.'s Maryland mortgage lending license are an independent basis for the Director to protect Washington consumers by revoking CashCall, Inc.'s license and imposing other relief.

1.5 Whether, pursuant to the foregoing, to grant the Department of Financial Institutions' Motion for Partial Summary Judgment.

## II. ORDER SUMMARY

2.1 CashCall, Inc. violated the Washington Usury Act by transacting loan contracts with interest rates in excess of 12%.

2.2 CashCall, Inc. violated the Washington Consumer Loan Act by transacting loan contracts with interest rates in excess of 25%.

2.3 CashCall, Inc.'s transactions are unfair acts or practices that harm

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

Washington consumers such that an order revoking CashCall, Inc.'s license under the Washington Consumer Loan Act and directing CashCall, Inc. to immediately cease and desist collecting usurious interest is appropriate.

2.4 The orders suspending and revoking CashCall, Inc.'s Maryland mortgage lending license are an independent basis for the Director to protect Washington consumers by revoking CashCall, Inc.'s license.

2.5 Pursuant to the foregoing, the Department of Financial Institutions' Motion for Partial Summary Judgment is granted.

## III. HEARING

3.1 **Hearing Date:** January 10, 2013

3.2 **Administrative Law Judge:** Terry A. Schuh

3.3 **Respondent:** CashCall, Inc.

3.3.1 **Representatives:** David B. Bukey, Attorney; and Claudia Callaway, Katten Muchin Rosenman LLP, Attorneys. Also present were John Black, Katten Muchin Rosenman LLP, Attorneys; and Dan Baren, General Counsel, CashCall, Inc.

3.4 **Agency:** Department of Financial Institutions

3.4.1 **Representative:** Kim O'Neal, Assistant Attorney General. Also present was Mark Olson, Financial Legal Examiner, Department of Financial Institutions.

3.5 **Record relied upon:** Department's Motion for Partial Summary Judgment, with declarations and attachments; CashCall's Opposition to the Department's Motion for Partial Summary Judgment, with declarations and attachments; Department's Reply in Support of motion for Partial Summary Judgment, with declarations and attachments; oral argument on January 10, 2013; and the pleadings and documents filed in this matter with the Office of Administrative Hearings.

## IV. FACTS AS A MATTER OF LAW

I find the following facts based on the uncontested pleadings, party admissions, and all reasonable inferences in favor of the non-moving party.

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

Jurisdiction

4.1 The Department of Financial Institutions ("the Department") issued a Statement of Charges and Notice of Intention to Enter an Order to Cease and Desist, Revoke or Suspend License, Impose Fine, Order Affirmative Action, and collect Investigation Fee ("Statement of Charges") to CashCall, Inc. ("CashCall") on August 15, 2011. Subsequently, the Department has twice amended the Statement of Charges.

4.2 On September 1, 2011, the Department received CashCall's Application for Adjudicative Hearing.

4.3 The Department filed its Motion for Partial Summary Judgment on December 3, 2012.

CashCall's Washington loan activities

4.4 CashCall is a California corporation licensed since 2003 in Washington by the Department under the Consumer Loan Act ("CLA").

4.5 Western Sky Financial, LLC ("Western Sky") is a consumer lender wholly owned by Martin Webb, an enrolled member of the Cheyenne River Sioux Tribe. Its facilities are located on the tribal reservation and most of its employees are tribal members.

4.6 Western Sky advertises in Washington, offering to provide consumer loans to Washington residents. Western Sky has entered into numerous such consumer loans with Washington residents and then sold those loans to CashCall, typically within days of their origination.

4.7 Western Sky loan applications are received, reviewed, and accepted or denied at its facility on the tribal reservation. Washington residents are contacted by advertising in Washington, complete and execute loan documents in Washington, receive the loan proceeds by means of deposit in their Washington accounts, and make loan payments from their Washington accounts.

4.8 Western Sky advertisements and other communications specify that it is owned by a Native American and is located on a tribal reservation. Moreover, the loan documents provide that only tribal law governs the loan transaction and that any borrower consents to tribal law and the jurisdiction of the Cheyenne River Sioux Tribal Courts.

4.9 The interest rates on the loans Western Sky made to Washington residents ranged from a low of 95% to a high of 169%. In contrast, since at least



Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

March 2010, the highest rate allowed under the Washington Usury Act ("Usury Act") has been 12% and the highest rate available to licensees lending pursuant to the CLA has been 25%.

4.10 CashCall purchased from Western Sky in excess of 2200 of these loans, totaling more than $4.4 million and has been collecting or attempting to collect on them. Beginning March 2010 through January 2012, CashCall collected over $2 million in interest from Washington residents. CashCall continues to collect on these loans.

Maryland's suspension and revocation

4.11 In August 2010, CashCall applied to the Maryland Department of Labor, Licensing, and Regulation ("the Maryland DLLR") for a mortgage lending license.

4.12 The Maryland DLLR approved the application and issued CashCall a license in October 2010.

4.13 Shortly thereafter, CashCall notified the Maryland DLLR that CashCall needed to amend a disclosure on its application. It did so and the Maryland DLLR subsequently renewed CashCall's license.

4.14 However, in May 2011, the Maryland DLLR suspended CashCall's license for having allegedly made two material misstatements on its licensing application. Following CashCall's appeal, on June 1, 2012, the Maryland DLLR issued a Final Order revoking CashCall's license.

4.15 CashCall appealed that decision. On August 7, 2012, the Circuit Court of Maryland issued an order staying the revocation but ordering a suspension of CashCall's license until it completed its review.

4.16 On December 13, 2012, the Department issued a Second Amended Statement of Charges in this matter, seeking to revoke CashCall's CLA license in Washington because of the revocation/suspension in Maryland.

## V. CONCLUSIONS OF LAW

Based upon the foregoing, I make the following Conclusions of Law:

Jurisdiction

5.1 I have jurisdiction over the parties and subject matter herein pursuant to chapter 31.04 RCW, chapter 34.05 RCW chapter 208-620 WAC, and chapter 208-08 WAC.

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

Summary Judgment

5.2 "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' CR 56(c)." *American Legion Post #149 v. Washington State Dept. of Health*, 164 Wn.2d 570, 584, 192 P.3d 306 (2008).

5.3 "The facts and reasonable inferences therefrom are construed most favorably to the nonmoving party." *Korslund v. Dycorp Tri-Cities Services, Inc.*, 156 Wn.2d 168, 177, 125 P.3d 119 (2005) (citations omitted).

5.4 "Summary judgment should be granted if reasonable persons could reach but one conclusion from the evidence presented." *Korslund*, 156 Wn. 2d at 177.

5.5 "The burden is on the moving party to demonstrate there is no issue as to a material fact, and the moving party is held to a strict standard." *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 811, 828 P.2d 549 (1992) (citation omitted).

5.6 If the moving party meets this initial showing and, as here, does not have the burden of proof at the forthcoming evidentiary hearing on the merits, then the nonmoving party must set forth specific facts that remain at issue to establish that here is a genuine issue to be resolved at the forthcoming hearing. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225-226, 770 P.2d 182 (1989) (citations omitted).

CashCall violated the Usury Act and the Consumer Protection Act

5.7 The purpose of the Usury Act is "to protect the residents of this state from debts bearing burdensome interest rates". RCW 19.52.005.

5.8 The state treasurer computes monthly the highest rate of interest permissible under RCW 19.52.20. RCW 19.52.025.

5.9 Beginning March 2010 and thereafter, and for some undetermined time before, that interest rate cap has never exceeded 12%.

5.10 An interest rate subject to the Usury Act that exceeds the interest rate cap is not legal. RCW 19.52.020.

5.11 The interest rate on the Western Sky loans collected by CashCall since March 2010 meets or exceeds 95%. Accordingly, if CashCall is subject to the

OAH Docket No. 2011-DFI-0041
Order Granting Department's Motion for Partial Summary Judgment
Page 5 of 11

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

Usury Act, the interest rates it has collected on the Western Sky loans violated the Usury Act and were not legal.

5.12 CashCall argued that it was not subject to the Usury Act primarily because the loans allegedly were not made in Washington.

5.13 However, "[w]henever a loan or forbearance is made outside Washington state to a person then residing in this state the usury laws found in chapter 19.52 RCW, as now or hereafter amended, shall be applicable in all courts of this state to the same extent such usury laws would be applicable if the loan or forbearance was made in this state." RCW 19.52.034.

5.14 CashCall argued that the foregoing statute violates the federal constitution, more specifically the Commerce Clause. However, an administrative law judge lacks authority to find any statute or regulation to be in violation of either the state or the federal constitution. The administrative law judge is bound to apply the statute or regulation as written. Thus, I cannot reach CashCall's argument that RCW 19.52.034 violates the federal constitution. Moreover, I must apply the statute.

5.15 CashCall also argued that the Western Sky loans were exempt from the Usury Act on other grounds, invoking and incorporating those arguments from its Motion for Partial Summary Judgment. First, CashCall argued that the Western Sky loans were exempt from the Usury Act because they are retail installment contracts under the Washington Retail Installment Sales of Good and Services Act ("RISA"). Second, CashCall argued that Western Sky is a tribal lender operating on an Indian reservation and so federal Indian law insulates Western Sky, and subsequently CashCall as assignee, from Washington usury law. In my Order Denying CashCall, Inc.'s Motion for Partial Summary Judgment, incorporated herein by this reference, I held that CashCall failed to establish that the Western Sky loans were goods or services as contemplated by RISA and subject to RISA. I also held that CashCall failed to establish that federal Indian law insulated Western Sky and CashCall from Washington usury law when they reached into Washington and made loans to and transacted loans with Washington residents. For the same reasons, those arguments are not persuasive defenses to the plain language of the statutes.

5.16 Accordingly, the Western Sky loans made to Washington residents are subject to the Usury Act.

5.17 Furthermore, by transacting loans – by collecting interest – in excess of the interest cap generated by application of the Usury Act, CashCall violated the Usury Act.

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

5.18. Furthermore, transacting a usurious contract is an unfair act or practice in violation of the consumer protection act found in chapter 19.86 RCW. RCW 19.52.036. Thus, CashCall also violated the Consumer Protection Act.

CashCall violated the CLA

5.19 An entity licensed under the CLA violates the CLA if it "[d]irectly or indirectly engage[s] in any unfair or deceptive practice toward any person." RCW 31.04.027(2).

5.20 Moreover, effective June 27, 2012, an entity licensed under the CLA violated the CLA if it violated "any other applicable state or federal statutes or regulations". RCW 31.04.027(12).

5.21 In violating the Usury Act and the Consumer Protection Act, CashCall committed unfair acts or practices and it violated applicable state statutes. Accordingly, CashCall thereby violated the CLA as well.

The Department may immediately revoke CashCall's license and order CashCall to cease and desist

5.22 "The director [of the Department of Financial Institutions] may suspend or revoke a license issued under [the CLA] if the director finds that [t]he licensee, either knowingly or without exercise of due care, has violated any provision of [the CLA] or any ruled adopted under [the CLA]". RCW 31.04.093(3)(b).

5.23 "The director [of the Department of Financial Institutions] may issue an order directing the licensee, its employee or loan originator, or other person subject to [the CLA] to [c]ease and desist from conducting business in a manner that is injurious to the public or violates any provision of this chapter". RCW 31.04.093(5)(a).

5.24 Here, CashCall recklessly, if not knowingly, collected interest rates in violation of the Usury Act and other Washington laws and in doing so harmed Washington residents. The interest rates are so high that many of the debtors will spend years paying off a comparatively small loan unless they can somehow acquire funds sufficient to pay the loan off and avoid the monthly cycle of interest. Therefore, the foregoing authority provides the Department with authority to immediately suspend or revoke CashCall's CLA license and to immediately order CashCall to cease and desist from collecting usurious interest.

5.25 Thus, CashCall's conduct provides the Department with the authority and discretion to revoke or suspend CashCall's CLA license. CashCall's conduct also provides the Department with authority and discretion to order CashCall to

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

cease and desist from collecting usurious interest.

5.26 . An Administrative Law Judge ("ALJ") has the authority to review an administrative agency's exercise of its discretion. *Conway v. Washington State Dept. of Social and Health Svcs.*, 131 Wn. App. 406, 419, 120 P.3d 103 (2005). However, the ALJ may not substitute his or her judgment for that of the agency and impose a different remedy. *Id.* Rather, the ALJ is restricted to determining whether the agency abused its discretion. *Id.* "An agency abuses its discretion when it exercises its discretion in an arbitrary and capricious manner." *Id* (citation omitted). "A decision is arbitrary and capricious if it is '"willful and unreasoning action in disregard of facts and circumstances."'" *Id* at 420 (citations omitted).

5.27 The Department's decision to revoke CashCall's license and to order CashCall to cease and desist collecting usurious interest does not demonstrate willful and unreasoning action in disregard of facts and circumstances. On the contrary, it is logical, based upon statute, and specifically in view of facts and circumstances. Therefore, I hold that the Department did not abuse its discretion. Thus, the Department's intention to revoke CashCall's license and order it to cease and desist collecting usurious interests should be upheld.

5.28 Thus, the Department may immediately revoke or suspend CashCall's CLA license. Moreover, the Department may immediately order CashCall to cease and desist from collecting usurious interest.

<u>Maryland's suspension of CashCall's mortgage lender license provides the Department with basis sufficient to revoke CashCall's Washington CLA license</u>

5.29 The Department may deny an application for a license under the CLA if another state has suspended or revoked a similar license possessed by the applicant. RCW 31.04.093(2)(c).

5.30 The Department shall issue a license only if the applicant has met several requirements including that the applicant not have had a similar license revoked or suspended by this or any other state within five years of application. RCW 31.04.055(1)(c).

5.31 The Department may suspend or revoke a license issued under the CLA if a "fact or condition exists that, if it had existed at the time of the original application for the license, clearly would have allowed the director to deny the application for the original license." RCW 31.04.093(3)(c).

5.32 Maryland revoked CashCall's mortgage lender license by order issued June 7, 2012. Subsequently, pursuant to an appeal, that revocation was stayed

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

and a suspension entered pending resolution of the appeal.

5.33 The parties argued regarding whether Maryland's orders have preclusive effect in Washington and, if so, based upon which state's law. I decline to be distracted by that argument because preclusion is not at issue here. The authority referenced above clearly provides the Department with the authority and the responsibility to consider other state licensing action and determine whether it should revoke or suspend accordingly.

5.34 The parties argued regarding whether the Maryland disciplinary action should be characterized as a revocation, suspension, or retroactive denial of the license. Although Washington might have correctly characterized the Maryland action as a revocation before the order issued in August 2012 stayed the revocation and ordered a suspension, it cannot correctly characterize the Maryland action now as a revocation. On the other hand, CashCall's argument that the Maryland action is a retroactive denial of its application is not persuasive. The law recited in the Maryland administrative order references Financial Institutions Article § 11-517(a), which says that the Commissioner may "suspend or revoke" the license of any licensee that makes any material misstatement in an application for a license. Moreover, no where in that order appears the phrase or concept of retroactive denial of an application. Maryland did not characterize its disciplinary action as a retroactive denial of an application. Nor will I.

5.35 CashCall provided two arguments regarding why the Department should not revoke or suspend CashCall's license, if at all, until after the appeal process in Maryland is concluded. In the first place, immediate revocation or suspension will substantially harm CashCall but delay will not harm the Department. Secondly, the information allegedly not disclosed in Maryland was disclosed in Washington and that information, when disclosed in Washington, did not cause the Department to seek disciplinary action. However, if Maryland was not concerned about an immediate risk, it would have simply stayed the revocation without a suspension. It did not. Therefore, the Department's interest in an immediate revocation or suspension is warranted as well. Secondly, the Department's concern with the apparently failed disclosure in Maryland need not be limited to the information that was not disclosed. Rather, the Department understandably may be concerned with the failed disclosure itself and what it may represent. Thus, I am persuaded that the Department is justified in seeking immediate discipline.

5.36 CashCall correctly pointed out that the Department's decision to discipline is discretionary. An Administrative Law Judge ("ALJ") has the authority to review an administrative agency's exercise of its discretion. *Conway v. Washington State Dept. of Social and Health Svcs.*, 131 Wn. App. 406, 419, 120 P.3d 103

OAH Docket No. 2011-DFI-0041
Order Granting Department's Motion for Partial Summary Judgment
Page 9 of 11

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

(2005). However, the ALJ may not substitute his or her judgment for that of the agency and impose a different remedy. *Id.* Rather, the ALJ is restricted to determining whether the agency abused its discretion. *Id.* "An agency abuses its discretion when it exercises its discretion in an arbitrary and capricious manner." *Id* (citation omitted). "A decision is arbitrary and capricious if it is '"willful and unreasoning action in disregard of facts and circumstances."'" *Id* at 420 (citations omitted).

5.37 The Department's decision to revoke CashCall's license does not demonstrate willful and unreasoning action in disregard of facts and circumstances. On the contrary, it is logical, based upon statute, and specifically in view of facts and circumstances. Therefore, I hold that the Department did not abuse its discretion. Thus, the Department's intention to revoke CashCall's license should be upheld.

5.38 The Department also proposed that it be allowed to impose other relief. However, the Department did not identify what other relief it proposed much less the basis for doing so. Accordingly, the Department's intention to impose other relief cannot be adjudicated pursuant to this motion.

Motion granted

5.38 The Department's Motion for Partial Summary Judgment is GRANTED.

////

////

////

**ORDER**

IT IS HEREBY ORDERED THAT:

The Department of Financial Institutions' Motion for Partial Summary Judgment is **GRANTED.**

CashCall, Inc. shall immediately cease and desist collecting or attempting to collect interest in excess of the Washington Usury Act cap, currently set at 12% interest, and CashCall, Inc. shall immediately cease and desist collecting or attempting to collect fees or penalties in excess of the maximum allowed by state law.

Pursuant to RCW 31.04.093(3), Consumer Loan License No. CL-38512, issued

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

to CashCall, Inc. by the Washington State Department of Financial Institutions, Division of Consumer Services, is hereby revoked.

**Signed and Issued** at Tacoma, Washington, on the date of mailing.

Terry A. Schuh
Administrative Law Judge
Office of Administrative Hearings

**CERTIFICATION OF MAILING IS ATTACHED**

OAH Docket No. 2011-DFI-0041
Order Granting Department's Motion for Partial Summary Judgment
Page 11 of 11

Office of Administrative Hearings
949 Market Street, Suite 500
Tacoma, WA 98402
Tel: (253) 476-6888 • Fax: (253) 593-2200

RECEIVED

FEB 01 2013

Enforcement Unit
Division of Consumer Services
Dept. of Financial Institutions

**Certificate of Service**
**OAH Docket No. 2011-DFI-0041**

I certify that true copies of this document were served from Tacoma, Washington upon the following as indicated:

| | |
|---|---|
| **Kim O'Neal**<br>**Senior Counsel**<br>**Office of the Attorney General**<br>**1125 Washington Street SE**<br>**PO Box 40100**<br>**Olympia, WA 98504-0100** | ☒First Class US mail, postage prepaid<br>☐Certified mail, return receipt<br>☐Campus Mail<br>☐Facsimile<br>☐1st Class, postage prepaid, Certified mail, return receipt |
| **Charles Clark**<br>**Enforcement Unit**<br>**Department of Financial Institutions**<br>**Division of Consumer Services**<br>**PO Box 41200**<br>**Olympia, WA 98504-1200** | ☒First Class US mail, postage prepaid<br>☐Certified mail, return receipt<br>☐Campus Mail<br>☐Facsimile<br>☐1st Class, postage prepaid, Certified mail, return receipt |
| **Claudia Callaway, Partner**<br>**Katten Muchin Rosenman LLP**<br>**2900 K Street NW**<br>**Washington, DC 20007** | ☒First Class US mail, postage prepaid<br>☐Certified mail, return receipt<br>☐Campus Mail<br>☐Facsimile<br>☐1st Class, postage prepaid, Certified mail, return receipt |
| **CashCall, Inc.**<br>**c/o Claudia Callaway, Partner**<br>**Katten Muchin Rosenman LLP**<br>**2900 K Street NW**<br>**Washington, DC 20007** | ☒First Class US mail, postage prepaid<br>☐Certified mail, return receipt<br>☐Campus Mail<br>☐Facsimile<br>☐1st Class, postage prepaid, Certified mail, return receipt |
| **David B. Bukey**<br>**Law Offices of David B. Bukey**<br>**1501 Fourth Avenue, Suite 2150**<br>**Seattle, WA 98101-3225** | ☒First Class US mail, postage prepaid<br>☐Certified mail, return receipt<br>☐Campus Mail<br>☐Facsimile<br>☐1st Class, postage prepaid, Certified mail, return receipt |

Date: January 30, 2013

[signature]
Cyndi Michelena
Office of Administrative Hearings

**Office of Administrative Hearings**
**949 Market Street, Suite 500**
**Tacoma, WA 98402**
**Tel: (253) 476-6888 • Fax: (253) 593-2200**